## Case No. 14,579.

### UNITED STATES v. BERNAL.

[Hoff. Dec. 47.]

District Court, N. D. California. Nov. 29, 1861.

MEXICAN LAND GRANTS—PROCEEDINGS FOR CONFIRMATION—EVIDENCE.

[Claim rejected, where the only evidence of the grant rested in parol, and no title papers were produced by the claimant, no trace of the grant was found in the archives, and it did not appear that its existence was known or suspected by the nearest neighbors of the alleged grantee, or that he had been in open and notorious possession of the tract, or that there was within a reasonable time after the grant any judicial survey of the land and possession taken under it.]

[This was a claim by Barcelia Bernal for a tract of land one league square, in Santa Clara county. Rejected by the board.] .

HOFFMAN, District Judge. The claim in this case is for a tract of land of the extent of about one square league, alleged to have been granted to the deceased husband of the claimant, as an augmentation of a tract previously granted. No title paper is produced by the party interested, nor do the archives contain any trace whatever of the pretended grant. It is alleged in the petition to the board that Juan Martin, some time in 1845 or 1846, made an application to Manuel Castro, prefect of the district, for the tract in question, accompanying the petition with a map; that he was subsequently informed by Castro that the grant had been made, but that he had been unable to procure it from Castro, not having seen him until that day, viz. March 2, 1853; that petitioner further stated that Castro had informed her attorney that he had the title in his possession, in the city of Monterey, and from whence it should be brought with all possible dispatch. In the deposition of Manuel Castro, taken nearly two years afterwards, the theory of the petition that the grant was in Monterey appears to have been abandoned. Castro testifies that Juan Martin presented a petition to him for the land in question, accompanied by a map; that he referred it for information to the alcalde, and the latter having reported favorably, the expediente was forwarded to the governor. About a week afterward, it was returned, with a marginal order for concession, and a direction that the land should be measured, after which the expediente was to be sent back to the governor, that the title might issue. About this time the war broke out, and the proceedings were suspended. He further states that he retained the expediente in his possession among his papers until 1851 or 1852, when he brought it to this city to be delivered to the parties interested. Being unable to find any one to receive it, he took it with him to Lower California and left it with his private papers in his house, where it was subsequently destroyed, as he has learnt, by men engaged on Walker's expedition. It is evident that when Castro informed the claimant's attorney, in 1853, that the grant was in Monterey, the theory that it had been taken to California two years before had not been thought of. But it is unnecessary to comment on these minor but not unimportant discrepancies. It is sufficient to say that the only proof offered of the existence of the grant is the parol testimony of Manuel Castro, Vicente P. Gomes, and Antonio Chaves. The alleged grant does not appear to have been known, or its existence suspected, by the nearest neighbors of the grantee, until a comparatively recent period,

nor is any open and notorious possession of the tract proved to have been taken. It is not improbable that a petition was presented by Martin to the alcalde for an augmento of the 1,000 varas already granted to his wife. This augmento was to be taken out of the sobrantes, or surplus lands not included in the ranchos of his neighbors. It is not un-·likely that reports were made that the land might be granted, provided it was not embraced within any of the adjoining ranchos; and it is possible that A. M. Pico, by Castro's direction, pointed out to Martin what land was vacant. But I think it clear that no concession or grant was made, nor the proceeding prosecuted further than an order for a measurement of the land, which was now effected. At all events, the proofs offered by the claimant are wholly insufficient as well as unreliable. Under the recent decision of the supreme court in U. S. v. Castro, 24 How. [65 U. S.] 350, they would even seem to be inadmissible. The existence of the grant has not been shown to the satisfaction of the court, nor is it even alleged to have been recorded in the proper office. It has not been shown that the papers in the public office, or some of them, have been lost or destroyed. Nor, thirdly, has it been shown that, within a reasonable time after the grant was made, there was a judicial survey of the land and actual possession taken of it. There requirements, the supreme court declare, must in all cases be complied with, even where a grant is produced from the claimant's own custody and duly proved. A fortiori, they cannot be dispensed with in a case like the present, where no grant or title paper whatever is produced, and the archives contain no trace of its ever having existed. The board rejected the claim, and I have not the slightest doubt of the correctness of their decision.